## Case No. 15,567.

### UNITED STATES v. LATORRE.

[8 Blatchf. 134.] 1

Circuit Court, S. D. New York. Jan. 5, 1871.

BANKRUPTCY—INDICTMENT FOR SECRETING PROPERTY—SUFFICIENCY OF—AVERMENTS.

An indictment, under section 44 of the bankruptcy act of March 2, 1867 (14 Stat. 539), purporting to charge the offence of secreting property by the debtor, with intent to prevent it from coming into the possession of his assignee in bankruptcy, will be quashed, where it merely avers the commencement of proceedings in involuntary bankruptcy pursuant to the act. without describing the proceedings except by the names of the petitioning creditors, and the words, "pursuant to the act," and without naming the court, or the time, or the place where the proceedings were instituted.

This case came before the court on a motion to quash an indictment [against Ramon S. Latorre]. The indictment was framed under section 44 of the bankruptcy act of March 2, 1867 (14 Stat. 539), which declares, "that, from and after the passage of this act, if any debtor or bankrupt shall, after the commencement of proceedings in bankruptcy, secrete or conceal any property belonging to his estate, * * * with intent to prevent it from coming into the possession of the assignee in bankruptcy, or to hinder, impede or delay either of them in recovering or receiving the same, * * *

1 [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

he shall be deemed guilty of a misdemeanor, and, upon conviction thereof, in any court of the United States, shall be punished by imprisonment, with or without hard labor, for a term not exceeding three years." The first count alleged, that, after the passage of an act, entitled "An act to establish a uniform system of bankruptcy," the accused, being then and there a debtor or a bankrupt, within the true intent and meaning of the said act of congress, and after the commencement of proceedings in bankruptcy, which had, then and there, under and pursuant to the act aforesaid, been commenced against him by certain of his creditors, to wit, Samuel H. Cornell and Charles J. Cane, secreted and concealed certain property (describing it with a degree of certainty), with intent to prevent the said money, bankbills and merchandize from coming into the possession of the assignee in bankruptcy in the said proceedings, with intent to hinder and delay the said assignee in bankruptcy of said Latorre, in recovering and receiving the same, and against the dignity of the United States and the force of the statute of the said United States in such case made and provided. There were several other counts in the indictment, which were similar in respect to the averment which was here called in question.

Ambrose H. Purdy, Asst. U. S. Dist. Atty. Benjamin F. Sawyer, for defendant.

BENEDICT, District Judge. Many objections have been taken to the counts of this indictment, but I consider it necessary to pass upon only one of them here; and that is, that a mere averment of the commencement of proceedings in bankruptcy, pursuant to the act. without in any way describing the proceedings. except by the names of the creditors, and the words, "pursuant to the act," is insufficient. This objection, which is applicable to all the counts of the indictment, is fatal.

While it is conceded. that, in describing statutory offences, it is, in general, sufficient to follow the words of the statute. and it is equally true, that the strict rules held applicable to felonies are not applicable to those offences against the United States which are by law declared to be misdemeanors, it is none the less true, that an indictment for a misdemeanor must state an offence, and must convey to the accused the information necessary to enable him to make his defence. The present indictment does not do that. It does not state a time, nor a place nor a tribunal before which the alleged proceedings in bankruptcy were taken. subsequent to which, and with reference to which, the accused made the alleged conveyance of his property. It neither alleges any adjudication or proceedings in bankruptcy before a court of competent jurisdiction. nor does it set forth any facts from which the

court can see that any court had jurisdiction of the proceedings alluded to. The gist of the offence created by the 44th section of the bankrupt act, is a conveyance with intent to keep property from an assignee in bankruptcy, and the offence cannot be committed unless proceedings in bankruptcy have been commenced in a court of competent jurisdiction, in which an assignee can be appointed; but this indictment fails to aver such proceedings. It does not even aver proceedings in any court. There might have been proceedings in bankruptcy commenced by the creditors named, against the accused, on more than one occasion, and before more courts than one; but this indictment gives the accused no clue by which to determine with reference to which proceedings the charge of fraudulent conveyance is made. For this reason, therefore, I am of the opinion that the indictment is deficient and must be quashed.